UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | NO.   CR-02-0138-WFN |
| Plaintiff, ) | |
| ) | |
| -vs- ) | ORDER |
| ) | |
| THOMAS STANKO MARKS, ) | |
| ) | |
| Defendant. ) | |

A pretrial conference and motion hearing was held September 20, 2005. The Defendant, who is not in custody, was present and represented by Stephen Hormel; Assistant United States Attorney Joseph Harrington represented the Government. Defendant made an oral motion to continue the trial currently set for October 24, 2005. The Defendant's underlying state conviction is on direct appeal and there has also been a personal restraint petition [PRP] filed. The direct appeal and the PRP are consolidated for hearing but Division III of the Washington State Court of Appeals has not yet set a hearing date. Defendant asserts that it is inappropriate to proceed to trial as the decisions of the state court related to the underlying conviction may influence this case. The Government has no objection to a continuance and advises that the parties are working on a plea agreement.

On Defendant's Motion to Dismiss the Indictment, the Defendant advised that it understood that the Court was bound by *United States v. Murillo*, ___ F.3d ___, 2005 WL 2174415 (9th Cir. 09/05/05). Defense counsel, however, argued for the record that this

ORDER - 1

case is distinguishable.  The Court has reviewed the file and is fully informed. This Order is entered to memorialize and supplement the oral rulings of the Court.  Accordingly,

**IT IS ORDERED** that:

1. Defendant's Motion to Dismiss Indictment, filed September 2, 2005, **Ct. Rec. 99**, is **DENIED**. *United States v. Murillo*, ___ F.3d ___, 2005 WL 2174415 (9th Cir. 09/05/05).

2. The Defendant's oral motion to continue trial is **GRANTED**.

The Court finds that the ends of justice served by the granting of a continuance of the trial in this matter outweigh the best interests of the public and the Defendant in a speedy trial.  A trial date of October 24, 2005, would unreasonably deny the Defendant the opportunity to have the proceedings on the underlying state court convictions finalized prior to a trial in this matter.

3. The trial date of October 24, 2005, is **STRICKEN and RESET to February 6, 2006, at 1:00 p.m., in Spokane,** Washington.

4. All time from the trial date of October 24, 2005, to the new trial date of February 6, 2006, is **EXCLUDED** for speedy trial calculations pursuant to 18 U.S.C. § 3161(h)(8)(A). The Defendant has signed a waiver of his speedy trial rights.

5. The final pretrial conference of October 24, 2005, is **STRICKEN and RESET to February 6, 2006, at 11:00 a.m., in Spokane,** Washington.

6. Trial briefs, motions in limine, requested voir dire, witness and exhibit lists, and a set of proposed **JOINT JURY INSTRUCTIONS** shall be filed and served on or before **January 23, 2006**.

Jury instructions should only address issues that are unique to this case, and shall include instructions regarding the elements of each claim, any necessary definitions and a proposed verdict form.

The Joint Proposed Jury Instructions shall include:

(a) The instructions on which the parties agree; and

ORDER - 2

      (b)   Copies of instructions that are disputed (i.e., a copy of each party's proposed version of an instruction upon which they do not agree). All jury instructions from the most current edition of the Ninth Circuit Manual of Model Jury Instructions may be proposed by number. The submission of the Joint Proposed Jury Instructions will satisfy the requirements of LR 51.1(c).

On or before **January 23, 2006**, each party shall address any objections they have to instructions proposed by any other party in a memorandum. The parties shall identify the specific portion of any proposed instruction to which they object and shall elaborate the basis for the objection. Objections asserting that an instruction sets forth an incorrect statement of law shall describe the legal authority that supports this objection. Failure to file an objection and supporting argument may be construed as consent to the adoption of an instruction proposed by another party.

    7.   An additional pretrial conference shall be held **December 12, 2005, at 9:00 a.m., in Spokane,** Washington.

The District Court Executive is directed to file this Order and provide copies to counsel.

**DATED** this 20th day of September, 2005.

09-20

                       s/ Wm. Fremming Nielsen
                       WM. FREMMING NIELSEN
SENIOR UNITED STATED DISTRICT JUDGE

ORDER - 3